UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-80191-BLOOM

JOEVON MARQUISE JOSEPH,

 Plaintiff,

v.

WELLPATH/MEDICAL, *et al.*,

 Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Joevon Marquise Joseph's Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. For reasons set forth below, the Application to Proceed in District Court without Prepaying Fees or Costs is denied, and the Complaint is dismissed with leave to amend.

 **I.** **APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

Civil complaints filed by prisoners seeking *in forma pauperis* status under 28 U.S.C. § 1915 are subject to the provisions of the Prison Litigation Reform Act ("PLRA"). In order to promote the speedy, just, and efficient administration of civil rights complaints subject to the PLRA, the court has established forms to be used by prisoners for filing civil rights actions. The court-approved form consists of (1) a cover sheet, (2) a complaint, (3) an application to proceed *in forma pauperis*, and (4) an authorization form. The authorization form, when completed by the plaintiff, directs the agency holding the plaintiff in custody to forward to the clerk of court a certified copy of the plaintiff's institutional trust fund account and to disburse from the plaintiff's account the full statutory filing fee in amounts specified by § 1915(b). Properly completing and

filing the authorization form satisfies the plaintiff's obligation under § 1915(a)(2) to submit a certified copy of the plaintiff's trust fund account with the complaint.

Plaintiff's Motion is not accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint. ECF No. [3]. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied. Plaintiff may re-file his Application using the court-approved form or he may pay the filing fee of $402.00 by the filing deadline.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that on the evening of November 25, 2019, he had pains in his groin area. ECF No. [1] at 3. He states he complained to an unnamed deputy on shift about the pain. *Id.* The deputy told Plaintiff to write a sick call addressed to a nurse scheduled to work later in the day. *Id.* By the time the nurse arrived, Plaintiff was in extreme pain. *Id.* He was then seen by a doctor and told that due to the loss of blood flow to his groin area he needed surgery. *Id.* The doctor told him that there was an 8-hour window to treat Plaintiff's condition and he should have been transported to the hospital as soon as the pain started. Plaintiff alleges that because of the failure of "medical" to treat him, he was subjected to an unnecessary surgery. *Id.* Plaintiff seeks compensation of $500,000.00 in damages. *Id.* at 4.

## III. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531

(11th Cir. 2002)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under § 1915(e)(2)(B)(ii), the court must dismiss any IFP action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Thus, under § 1915(e)(2)(B)(ii), the court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the complaint under § 1915(e)(2)(B)(ii), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *see also Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Yet a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (citation and internal quotations marks omitted).

Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Notwithstanding the

leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

### IV.  DISCUSSION

As pled, the Complaint has several deficiencies and is a quintessential shotgun pleading. First, Plaintiff's Complaint is replete with conclusory and vague facts and Plaintiff should specify in detail the circumstances surrounding the allegations. The Complaint does not clearly identify the parties to the action nor does it articulate essential facts to the cause of action. In the caption, Plaintiff lists Wellpat/ Medical and Palm Beach County Sheriff's Office as defendants, however, in the "Parties" section of the Complaint only Wellpath/Medical is named. *Id.* at 1-2. Additionally, in the "Statement of Claim" section, Plaintiff does not name either defendant nor does he identify where he was located when the events took place. *Id.* at 3. Plaintiff implies that he was in legal custody, but it is not clear from the Complaint what entity had legal custody over him. *Id.* at 3. For these deficiencies alone, the Complaint is due to be dismissed.

Second, to the extent Plaintiff intended to sue multiple defendants, adherence to Fed. R. Civ. P. 10 should be followed more closely. Pursuant to Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Here, Plaintiff's claims against multiple defendants would be clearer if different claims were separated by count. Plaintiff's failure to do so also reveals that the complaint qualifies as the third category of shotgun pleading for not separating into different paragraphs each count or claim for relief. *See Weiland*, 792 F.3d at 1321-23.

Finally, Plaintiff is suing Defendants in their official capacity but has not alleged the existence of any custom or policy. As to Palm Beach County Sheriff's Office, the governmental entity that the defendant represents, Palm Beach County, is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). If Plaintiff intends to bring an action against a municipality he must plead

5

and show the following: "(1) that his constitutional rights were violated; (2) that the municipality had a *custom or policy* that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (emphasis added) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Accordingly, a municipality may only be held liable under § 1983 "when a constitutional injury is caused by the execution of a government entity's policy or custom." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014).

> A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law.

*Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017) (quoting *Sewell v. Town of Lake Hamilton*, 117 F. 3d 488, 489 (11th Cir. 1997) (citation omitted)). "In order for a plaintiff to demonstrate a policy or custom, 'it is generally necessary to show a persistent and wide-spread practice.'" *Martin v. Wood*, 648 F. App'x 911, 914 (11th Cir. 2016) (quoting *McDowell*, 392 F.3d at 1290).

As to Wellpath/Medical, the same standard applies. "When a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). The entity thus "becomes the functional equivalent of the municipality." *Id.* Since "[a] municipality can be liable under § 1983 only where the alleged constitutional harm is the result of a custom or policy[,]" a plaintiff suing a private entity under the civil-rights statutes must show that "a custom or policy" caused the alleged constitutional violation. *Brennan v. Headley*, 807 F. App'x 927, 937-38 (11th Cir. 2020) (alterations added); *see also James v. Bartow Cnty., Ga.*, 798 F. App'x 581, 586 (11th Cir. 2020) (same).

Here, Plaintiff has not alleged the existence of a custom or policy. Thus, his claims against Palm Beach County Sheriff's Office and Wellpath/Medical must be dismissed.

This is not an exhaustive list of the potential deficiencies in Plaintiff's complaint. Because this Court is not unsympathetic, Plaintiff may have *one opportunity* to rectify his complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this order if he still wishes to pursue this action. Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty pages in length.

## V. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, **ECF No. [3]**, is **DENIED without prejudice**. On or before **March 1, 2022**, Plaintiff shall either pay the $402.00 filing fee or may renew his motion to proceed *in forma pauperis*.

2. If Plaintiff renews his motion to proceed *in forma pauperis*, he must have the certificate concerning his jail bank account completed by an officer of the institution and attach a certified copy of his jail account for the six-month period preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915.

3. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED with leave to amend**. On or before **March 1, 2022**, Plaintiff shall file an amended complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

4. The amended complaint must be labeled "Amended Complaint" and must show Case No.: **22-CV-80191-BLOOM**, so that it will be filed in this case.

5. The amended complaint must contain a separate paragraph as to each defendant

    explaining what that defendant did and the supporting facts to show why that person is being sued. Plaintiff is reminded that his amended complaint should at the very least cure the factual deficiencies identified to state a plausible claim for relief. The amended complaint shall be the **sole operative** pleading in this case. Plaintiff may not incorporate by reference any allegations contained in his previous filings or in any supplemental filings.

6. Plaintiff is warned that failure to timely file the amended complaint, pay the filing fee, or file a renew the motion to proceed *in forma pauperis* will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

7. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the form for a complaint under 42 U.S.C. § 1983 and the form for *in forma pauperis* alongside this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Joevon Marquise Joseph, *Pro Se*
#0413465
598 West 2 Street
Riviera Beach, FL 33404